UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **FEDOR KRANTHOVEN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO.: _____** |
| § | |
| **ALLSTATE VEHICLE AND PROPERTY** § | |
| **INSURANCE COMPANY,** § | |
| § | |
| Defendant. § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S**
<u>**NOTICE OF REMOVAL**</u>

Defendant Allstate Vehicle and Property Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

**I.     INTRODUCTION**

1. This is an insurance coverage and bad faith case. On July 9, 2021, Plaintiff filed his Original Petition in Cause No. 110468-A-CV in the 47th District Court of Potter County, Texas, initiating a civil cause of action against Defendant. <u>Exhibit C</u>.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

3. Plaintiff alleges multiple causes of action against Defendant related to its handling of a property insurance claim submitted by Plaintiff. Plaintiff specifically alleges breach of contract; non-compliance with Chapter 542 of the Texas Insurance Code; non-compliance with Chapter 541 of the Texas Insurance Code; and "bad faith." Plaintiff also alleges that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. Allstate received the Citation and Plaintiff's Original Petition by certified mail on July 14, 2021. Allstate filed its Original Answer to Plaintiff's Original Petition on August 5, 2021. Exhibit D.

5. Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Potter County state court in which this case was previously pending.

## II.     GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exists Between the Viable Parties.

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Potter County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is a Texas citizen.

8. Allstate is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Allstate is now, and was at the time this action was commenced, a citizen of the State of Illinois.

**B.     The Amount in Controversy Exceeds $75,000.**

9.     Additionally, the claims asserted by Plaintiff exceed $75,000. Plaintiff specifically pleaded he seeks "monetary relief less than $250,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." Exhibit C at ¶ 4.

10.     However, the allegations of harm make it facially apparent that the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court. A case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282 (1938)); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469 (S.D. Tex. 1995); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390 (N.D. Tex. 1993). In assessing whether removal is proper, the Court must first determine whether it is facially apparent that the amount in controversy exceeds $75,000. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996). This inquiry is left, at least in part, to the Court's intuition and common sense. *Id; see also Williams*, 931 F. Supp. at 472.

11.     Under the common law in Texas, a "bad faith insurance dispute" has a "three-tier framework for measuring damages…(1) benefit of the bargain damages for an accompanying breach of contract claim, (2) compensatory damages for the tort of bad faith, and (3) punitive damages for intentional, malicious, fraudulent, or grossly negligent conduct." *Transportation Insurance Company v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994). Plaintiff claims that Allstate underpaid his claim. Exhibit C at ¶ 9. On July 9, 2021, the same day Plaintiff filed his Original Petition, Plaintiff provided a Proof of Loss claiming actual damages of $46,547.16. Plaintiff also seeks interest and attorneys' fees per Section 542 of the Texas Insurance Code and exemplary or treble damages per Section 542 of the

Texas Insurance Code. <u>Exhibit C at ¶¶ 16, 21</u>. These are all elements of the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252-53 (5th Cir. 1998)

12. Considering the foregoing evidence in conjunction with Allstate's potential contractual liability as alleged by Plaintiff, it is apparent that the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.

### III. VENUE

13. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 47th District Court of Potter County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV. PROCEDURAL REQUIREMENTS

14. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Plaintiff's Original Petition filed on July 9, 2021 |
| D. | Defendant Allstate Vehicle and Property Insurance Company's Original Answer filed on August 5, 2021 |
| E. | List of Counsel of Record |

15. This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

16. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

18. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 47th District Court of Potter County, Texas promptly after filing of same.

## V.  CONCLUSION

19. Allstate respectfully requests that the above-captioned action now pending in the 47th District Court of Potter County, Texas be removed to the United States District Court for the Northern District of Texas, Amarillo Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
susan.egeland@faegredrinker.com
SARA E. INMAN
State Bar No. 24073098
sara.inman@faegredrinker.com
HAYDEN H. BROWN
State Bar No. 24120726
hayden.brown@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on August 11, 2021.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND